[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14861

Non-Argument Calendar

_____

DIMITAR PETLECHKOV,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-634-377

_____

2                    Opinion of the Court                    20-14861

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Dimitar Petlechkov, proceeding pro se, seeks review of an order issued by the Department of Homeland Security for his expedited removal from the United States as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1228; 1227(a)(2)(A)(iii). Petlechkov contends that the Department violated his Fifth Amendment due process rights by failing to provide notice of the charge of removability and an opportunity to respond. Specifically, he alleges that the "Notice of Intent to Issue a Final Administrative Removal Order" contained in the administrative record was never served on him, contrary to the signed (but unsworn) certificate of service on the document. He argues that even if the Notice had been served on him, he would not have been able to respond because it did not provide a return address. And he argues that if he had been given the opportunity to respond, he would have shown (among other things) that the restitution order relied on by the Department was "insufficient as a matter of law" to establish that his mail-fraud conviction involved the amount of loss necessary to qualify as an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii). *Obasohan v. U.S. Att'y Gen.*, 479 F.3d 785, 791 (11th Cir. 2007), *abrogated on other grounds by Nijhawan v. Holder*, 557 U.S. 29 (2009). He asks this Court to (1) vacate the order of removal and (2) direct the Department to compensate him

in various ways for the time he spent in Department custody before his removal.

We lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, except to the extent that the petitioner raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C)–(D). Our jurisdiction is further limited to those claims for which the petitioner "has exhausted all administrative remedies available to the alien as of right." Id. § 1252(d)(1); see Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Our jurisdiction to review the claims raised in Petlechkov's petition turns in part on whether he was, in fact, served with the Notice of Intent and given a reasonable opportunity to respond to it. If so, we lack jurisdiction to review Petlechkov's claims because he failed to raise any of them before the agency during his expedited removal proceedings. See Malu v. U.S. Att'y Gen., 764 F.3d 1282, 1287–88 (11th Cir. 2014). If not, agency review arguably was not an "available" administrative remedy for Petlechkov. The question would then become whether the evidence that Petlechkov now seeks to present from his criminal proceedings would have been sufficient to rebut the agency's allegation that his mail-fraud offense involved "fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M) (defining the term "aggravated felony").

We decline to decide either question in the first instance. Petlechkov claims that he informed the Department in writing—

by mail and by service in a related habeas corpus proceeding—that he had not been served with notice before the Department issued its final order of removal. But those documents are not contained in the administrative record. Nor does the record contain any findings by the Department as to whether Petlechkov was served with the Notice of Intent in compliance with agency regulations. *See* 8 C.F.R. § 238.1(b). As a court of review, we are not in a position to make such findings ourselves. *See Gonzales v. Thomas*, 547 U.S. 183, 185–86 (2006). "Rather, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* at 186 (quoting *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002)).

We therefore remand to the Department for a determination as to whether the Notice of Intent was personally served on Petlechkov, and if so, whether the Notice afforded him a reasonable opportunity to respond and contest the charge of removability. If the Department concludes on remand that Petlechkov did not receive notice or have a meaningful opportunity to respond, it should then consider his arguments concerning his removability.

We DENY Petlechkov's motion for the Court to take judicial notice of docket entries in his federal criminal proceeding because we do not reach the argument to which those entries are relevant. We also DENY his motion to supplement the record because we are limited by statute to consideration of the administrative record. *See* 8 U.S.C. § 1252(b)(4).

**PETITION REMANDED.**